CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. MATTOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00473 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRINITY SERVICE GROUP, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Christopher S. Mattox, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant Trinity Service Group. (Compl. [ECF No. 1].) This matter is before the court on Mattox's second motion to appoint counsel (ECF No. 37) and Defendant's motion to dismiss. (ECF No. 26.) For the following reasons, the court will deny the motion to appoint counsel and grant the motion to dismiss.

## I.  BACKGROUND

This matter stems from events that allegedly occurred while Mattox was housed at the Western Virginia Regional Jail (the "jail") in Salem, Virginia. (Compl. at 3.) Mattox makes the following factual allegations in his complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Defendant is a private contractor that provides food operations services to inmates at the jail. (*See* Compl. at 5–7.) Between 4:50 and 5:00 p.m. on June 26, 2025, Mattox was eating dinner at the jail when he bit into a "rock located in [his] meal," damaging one of his rear teeth. (*Id.* at 5.) After Mattox informed "floor officer McCoy" and "LT Childress" about his injury, a nurse at the jail evaluated Mattox and confirmed that he had a chipped tooth. (*Id.* at 5–6.) The nurse informed Mattox that the only available treatment for his damaged tooth was to

have it pulled. (*Id.* at 6.) According to Mattox, the injury to his tooth has made it difficult for him to sleep, eat, and drink cold beverages. (*Id.* at 5, 7.) Mattox also claims that he "could've easily swallowed and choked on" the rock, and that after his injury he "now [has to] dig through [his] food before eating it." (*Id.* at 5–6.) According to Mattox, it is "becoming common [for] inmates [to] find[] rocks in there (sic) food," his experience was not "the first incident pertaining to food items . . . at the jail," and "[t]here are several cases pertaining to [Defendant] for inadequate and unsanitary food services." (*Id.* at 5–7.)

Mattox filed his complaint on July 10, 2025, asserting an Eighth Amendment claim against Defendant.[1] (*Id.* at 7.) On February 12, 2026, Defendant filed a motion to dismiss. (ECF No. 26.) Defendant argues that Mattox failed to exhaust administrative remedies before filing this action and failed to state a claim upon which relief can be granted. (*Id.*) Mattox has filed two responses in opposition (ECF Nos. 32, 38), Defendant has filed replies (ECF Nos. 33, 42), and the motion to dismiss is ripe for adjudication.

Also, on March 7, 2026, Mattox executed a motion for appointment of counsel (ECF No. 34 at 1), which the court denied (*see* ECF No. 41). On March 9, 2026, Mattox executed a second motion for appointment of counsel, which remains pending. (ECF No. 37.) Defendant has filed a response in opposition (ECF No. 42), Mattox did not file a reply, making the second motion for appointment of counsel ripe for adjudication.

## II.    ANALYSIS

### A.  Second Motion for Appointment of Counsel

---

[1] This complaint was signed on June 27, 2025, but was not received by the court until July 10.

Mattox's current motion for appointment of counsel raises the same issues the court considered in denying his prior motion. (*See* ECF Nos. 41, 37.) Thus, consistent with the court's prior decision, Mattox's second motion for appointment of counsel will be denied for the same reasons as those stated in the court's March 31 Order.[2]

## B.  Motion to Dismiss

As noted, Defendant argues both that Mattox failed to exhaust administrative remedies before filing this action and failed to state a claim upon which relief can be granted. Because the court agrees that Mattox failed to exhaust administrative remedies before filing suit, it need not address Defendant's failure to state a claim argument.

In pertinent part, the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [§] 1983 . . . by a prisoner[3] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules," which are defined "by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). "Generally, to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action in court."

---

[2] Mattox's second motion for appointment of counsel was also docketed as a motion for summary judgment. As far as the court can tell, this is because Mattox "ask[ed] the magistrate judge for a motion for summary judgment" at the end of the motion. (*See* ECF No. 37 at 2.) But apart from this stray reference, there is no indication that Mattox intended for his second motion for appointment of counsel to also be a motion for summary judgment. (*See id.*) Insofar as Mattox intended to move for summary judgment, that request is denied.

[3] The statute broadly defines "prisoner" to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

*Alford v. Oyebade*, No. 3:23-cv-00798, 2026 WL 208624, at *5 (E.D. Va. Jan. 27, 2026) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "[E]xhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

According to Mattox, he submitted a grievance to jail officials complaining about the events at issue on June 26, 2025. (Compl. at 3.) But Mattox did not give jail officials a chance to process his grievance before filing this action. Instead, Mattox executed his complaint one day after submitting his grievance. (*See* Compl. at 4.) Mattox acknowledges that he had not received a response to his grievance when he executed his complaint. (*Id.* at 3 ("My grievance form [has] not been answered at the moment.") Based on his own allegations, Mattox failed to exhaust administrative remedies before filing suit. And although Mattox may have exhausted administrative remedies after initiating this action, "[a] prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation." *Cabbagestalk v. S.C. Dep't of Corr.*, No. 3:08-cv-02718, 2009 WL 3007381, at *4 (D.S.C. Sept. 18, 2009).[4]

Accordingly, the court concludes that Mattox failed to exhaust his administrative remedies before filing suit. Thus, Defendant's motion to dismiss will be granted.

---

[4] In one of his responses, Mattox claims to have exhausted administrative remedies "on a [§] 1983 Form." (ECF No. 32 at 3). In making this claim, the court understands Mattox to argue that he exhausted administrative remedies when he filed this action. But as noted above, exhaustion is a prerequisite to filing suit. And in his other response, Mattox claims that he was transferred to another facility one week after filing this action. (ECF No. 38). But this does not change the court's analysis, as "courts consistently find that transfer to a different facility does not excuse the exhaustion requirement." *Toliver v. USP Lee*, No. 7:19-cv-00213, 2020 WL 5027137, at *4 (W.D. Va. Aug. 25, 2020) (citing *Lamerique v. United States*, No. 3:18-cv-00532, 2019 WL 2932673, at *9 (S.D. W. Va. June 14, 2019)).

## III.    CONCLUSION

For the reasons stated above, the court will grant Defendant's motion to dismiss.

The clerk is directed to forward a copy of this memorandum opinion and the accompanying order to the parties.

**ENTERED** this 17th day of June, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE